Filed 1/17/24  P. v. Medinilla CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN STEVEN MEDINILLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B321160<br>(Super. Ct. No. 1259550)<br>(Santa Barbara County) |

Bryan Steven Medinilla appeals the summary denial of his petition for resentencing under Penal Code[1] section 1172.6.  He contends the trial court erred in concluding the jury's finding that he personally used a weapon in committing murder (§ 12022, subd. (b)(1)) rendered him ineligible for resentencing as a matter of law.  The People concede the issue.  We will reverse and

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

remand with directions to issue an order to show cause and to hold an evidentiary hearing.  (§ 1172.6, subd. (d)(1).)

FACTS AND PROCEDURAL HISTORY[2]

*Original Murder Conviction*

Appellant, Ruben Mize, Raul Diaz, and other members of Santa Barbara's Eastside gang drove into the territory of the rival Westside gang in July of 2007.  They spotted three "Westsiders" walking on the sidewalk:  Lorenzo Carachure, Noe Carachure, and Rogelio Hernandez.  Appellant and the other "Eastsiders" jumped out of the truck to confront them.  The two groups yelled their affiliations and exchanged gang signs. Witnesses saw appellant and others converge on Lorenzo.[3]  Diaz struck Lorenzo in the head with a carjack, knocking him to the ground.  Mize threw a bicycle on top him.  Mize then pulled out a knife and stabbed Lorenzo twice in the neck and once in the abdomen.  Appellant stabbed him in the chest or stomach. Lorenzo later died from the neck wounds.

A jury found appellant and Mize guilty of first-degree murder (§ 187).[4]  Diaz and another defendant were found guilty

---

[2] The facts are derived from our opinion affirming Medinilla's conviction on direct appeal.  (*People v. Nava* (Jan. 8, 2014, B233532 [nonpub. opn.].)  We include these facts for narrative purposes and do not rely upon them to determine appellant's eligibility for resentencing.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

[3] We refer to Lorenzo and Noe by their first names to avoid confusion.  No disrespect is intended.

[4] Appellants and his codefendants were juveniles when the crimes were committed and were charged as adults pursuant to former Welfare and Institutions Code section 707, subdivision (d).

of second-degree murder.  The jury also found true allegations that appellant and Mize personally used a deadly weapon in committing the murder (§ 12022, subd. (b)(1)).  Appellant received an aggregate term of 26 years to life in state prison.  We affirmed his conviction in 2014.

*Petition for Resentencing*

Appellant petitioned for resentencing under former section 1170.95 (now section 1172.6) in 2021.  The trial court initially denied the petition without appointing counsel.  (*People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).)  The court later stayed the denial order and appointed counsel.  The People opposed the petition, arguing the evidence at trial was sufficient to support a finding that appellant was the actual killer or a major participant in the offense.  In response, appellant argued the jury was instructed on the now-disapproved natural and probable consequences theory of aider and abettor liability.  There was nothing in the record of conviction to "prove beyond a reasonable doubt that the jury did not base [its] verdict" on this instruction.

The trial court summarily denied the petition before holding an evidentiary hearing.  It reasoned:  "Based on the fact that [appellant] was convicted of murder and the personal use of a deadly or dangerous weapon during the commission of the murder was found to be true, this Court finds that [appellant] is ineligible for relief under Penal Code Section 1170.95 because he was the 'actual killer' and, at the very least, a 'major participant.'"

DISCUSSION

Appellant contends the trial court erred when it concluded the jury's "true" finding on the use of a deadly weapon allegation

3

rendered him ineligible for resentencing as a matter of law. The People concede the issue.

Senate Bill 1437 eliminated the natural and probable consequences doctrine as a basis for convicting a defendant of murder. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*); *Lewis, supra,* 11 Cal.5th at p. 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848 (*Gentile*).) Malice may no longer be imputed solely on a defendant's participation in a crime. (§ 188, subd. (a)(3).) SB 1437 also limited the scope of the felony-murder rule. The revised felony-murder statute requires proving: (1) defendant was the actual killer; (2) if not the actual killer, they assisted in the commission of the murder with the intent to kill; or (3) they were "a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e); *Strong*, at p. 708.)

Those convicted of felony murder or murder under a natural and probable consequences theory may petition to vacate their conviction and seek resentencing under the revised laws. (§ 1172.6.) The trial court must appoint counsel if a petition contains all required information. (§ 1172.6, subd. (b)(3).) The court then determines after briefing whether the petitioner has made a prima facie showing for relief. (§ 1172.6, subd. (c).) It may summarily deny or dismiss the petition without a hearing "'[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 450.)[5] If the petitioner makes this showing

---

[5] Appellant and the People waived oral argument in this appeal and we submitted the cause on November 9, 2023. The Supreme Court decided *People v. Curiel* two weeks later. We

for relief the court must hold an evidentiary hearing. (§ 1172.6, subd. (c) & (d)(1).) The People bear the burden at the hearing "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under the revised laws. (§ 1172.6, subd. (d)(3).)

The trial court relied on the jury's finding that appellant personally used a deadly or dangerous weapon to conclude he was either the actual killer or a "major participant" in the offense. A "finding of personal use," however, "[does] not in itself prove [a] defendant was the actual killer" or perpetrator. (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) For instance, "[i]f two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer." (*Ibid.*) The trial court erred to the extent it found the jury's "true" finding alone justified denying appellant's petition as a matter of law without a hearing.

It was also error to conclude appellant was ineligible for relief because he was a "major participant" in the offense under section 189, subdivision (e)(3). While the record contained evidence that appellant was among those who attacked Lorenzo – including testimony that he stabbed Lorenzo after Mize – he was neither tried nor convicted by the jury on a theory of felony murder. However robust the court believed the evidence at trial against appellant, the record did not "establish conclusively" that he was the actual killer or sole perpetrator. (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [summary denial of resentencing petition was proper where defendant "was the

---

vacated the submission and requested supplemental briefing from the parties on the effect of *Curiel*, if any, on this case. We read and consider the parties' briefs.

actual killer and the only participant in the killing"]; *Lewis, supra*, 11 Cal.5th at p. 972 ["a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" at prima facie stage of section 1172.6 proceedings].) As the People concede: "the record does not foreclose the possibility that appellant could have been convicted under a natural and probable consequences theory of aiding and abetting." As such, we reverse and remand the case with directions to issue an order to show cause and hold an evidentiary hearing. (*People v. Strong, supra*, 13 Cal.5th 698; *Lewis, supra*, 11 Cal.5th at p. 971.) We need not address appellant's remaining claims.[6]

## DISPOSITION

The order summarily denying appellant's Penal Code section 1172.6 petition for resentencing is reversed. On remand, the trial court is directed to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6, subdivision (d)(1).

NOT TO BE PUBLISHED.

CODY, J.

I concur:

GILBERT, P. J.

---

[6] Appellant also filed a habeas petition contending he is entitled to relief pursuant to *People v. Chiu* (2014) 59 Cal.4th 155. We deny the petition as untimely in a separate order.

6

YEGAN, J., CONCURRING:

There is no way to "sugar coat" this. The result reached by the majority, compelled by precedent, is ridiculous. For the reasons stated in *People v. Arreguin* (2023) 89 Cal.App.5th 58, 63-64, I concur under compulsion of California Supreme Court authority. Appellant checked the box that said he cannot presently be convicted of murder. This is false. (Pen. Code, § 1172.6, subd. (a)(3).) Notwithstanding instructional error, at the very least, appellant can only be described as a direct aider and abettor. (*People v. Gentile* (2020)10 Cal.5th 830, 848; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1252.)

According to the majority opinion, appellant directly participated in a planned knife attack on a rival gang member. He actually used his knife to stab the decedent in the stomach. The majority recite that it was the co-defendant's contemporaneous stabbing the decedent in the neck that was the fatal blow. This is not determinative. Does anyone actually believe that appellant did not intend to kill the decedent? Does anyone actually believe that he did not directly aid his co-defendant who stabbed the decedent in the neck?

In denying the motion for resentencing, the trial court said: "Based on the fact that [appellant] was convicted of murder and the personal use of [a] deadly . . . weapon during the commission of the murder was found to be true, this Court finds that [appellant] is ineligible for relief under [Penal Code section] 1170.95 because he was the . . . 'actual killer' . . . and, at the very least, a . . . 'major participant.'" This is sound reasoning and consistent with common sense. Does the Legislature and/or the California Supreme Court contemplate that a defendant, in this circumstance, is to be treated with leniency? I once again ask

that the Supreme Court to adopt a harmless error analysis for these types of cases. This case is going nowhere upon reversal. But it is going somewhere when he loses in superior court! Where? The Court of Appeal again. (See *People v. Ruiz* (2023) 97 Cal.App.5th 1068, 1082-1083, (conc. opn. of Yegan, J.).)

NOT TO BE PUBLISHED.


YEGAN, J.

Clifford R. Anderson, III, Judge
Superior Court County of Santa Barbara
_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.